**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

                                    SUPERIOR COURT OF NEW JERSEY
                                    APPELLATE DIVISION
                                    DOCKET NO. A-4052-14T3

DERRICK SMITH,

        Plaintiff-Respondent,

v.

CLARIBEL ALVERIO,

        Defendant-Appellant.
_____

                Submitted December 6, 2016 — Decided  March 9, 2017

                Before Judges Koblitz and Sumners.

                On appeal from Superior Court of New Jersey,
                Chancery Division, Family Part, Mercer County,
                Docket No. FD-11-960-14.

                Key Law Center, LLC, attorneys for appellant
                (Danielle Joseph Key, on the brief).

                Oswald & Zoschak, P.C., attorneys for
                respondent (Jennifer Zoschak, on the brief).


PER CURIAM

    Defendant Claribel Alverio appeals from the March 23, 2015

order denying reconsideration of a July 18, 2014 order granting

plaintiff Derrick Smith shared residential custody of their then

eleven-month-old daughter. For the reasons that follow, we reverse and remand.

On May 27, 2014, the parties appeared before the Family Part to address plaintiff's application for parenting time and shared custody. Initially, the court was unsuccessful in settling the dispute through a counsel-only conference. After unsworn comments from the parties and argument from counsel, the court issued a tentative order but allowed the parties to submit objections thereafter. The court issued an order on July 18, setting child support, and allowing joint legal custody and shared residential custody. Defendant filed a motion for reconsideration on August 21, contending that the court failed to make findings of fact and conclusions of law.

On January 29, 2015, before deciding the reconsideration motion, the court issued a written memorandum of decision explaining its July 18 order.

The reconsideration motion was eventually heard on March 17, 2015.[1] Defendant argued that the court failed to adhere to Rule 5:8-1 by referring the dispute to mediation before deciding custody, and that the court should have required an investigation to determine what was in the child's best interest. Defendant

---

[1] Defendant's appeal brief notes that the delay in hearing the matter was due to "several reschedulings."

also noted that plaintiff had not taken advantage of the parenting time afforded him under the court's order because of his two jobs. Plaintiff opposed, maintaining that the parties were given the opportunity to settle parenting time and custody but were unsuccessful, and that a costly investigation is unnecessary given that neither parent is unfit and the court's decision was well-reasoned.

On March 23, 2015, the court entered an order denying the motion. The court found that there was no good reason to reconsider its decision because defendant did not allege that the court had based its decision on plainly incorrect reasoning, nor that the court failed to consider probative competent evidence.

In this appeal, we agree with defendant that the court's non-compliance with our rules of court should result in vacating the July 18, 2014 custody order. Rule 5:8-1 provides: "In family actions in which the court finds that either the custody of children or parenting time issues, or both, are a genuine and substantial issue, the court shall refer the case to mediation[.]" When a trial court fails to refer the case to mediation, we are "compelled to remand" the family matter. See D.A. v. R.C., 438 N.J. Super. 431, 460 (App. Div. 2014). If mediation is not successful, Rule 5:8-1 allows the judge to order a best interests evaluation. We leave determination of the need for such an

evaluation to the judge's discretion. Further, the judge and the parties will need to determine whether expert assistance is necessary. If, after these steps have been taken, the issues are still contested by the parties, a plenary hearing will be required with testimony under oath and cross-examination of the witnesses. See D.A., supra, 438 N.J. at 450-451. "Absent exigent circumstances, changes in custody should not be ordered without a full plenary hearing." Ibid. (quoting Faucett v. Vasquez, 411 N.J. Super. 108, 119 (App. Div. 2009), certif. denied, 203 N.J. 435 (2010).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4052-14T3